**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Adam Michael HARRIS, Defendant-Appellant.**

No. 16-10382

United States Court of Appeals, Ninth Circuit.

ed by Ninth Circuit Rule 36-3.

**990**

Submitted May 8, 2017 *

Filed May 11, 2017

Nancy M. Olson, Assistant U.S. Attorney, USLV—Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S. Attorney, USRE—Office of the US Attorney-Reno, Reno, NV, for Plaintiff-Appellee

Wendi L. Overmyer, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant-Appellant

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Adam Michael Harris appeals from the district court's judgment and challenges the 22-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harris contends that the term of supervised release is substantively unreasonable in light of the fact that he is not amenable to supervision and has largely met the goals of supervised release, committing only "technical" violations. The district court did not abuse its discretion. *See United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012). The 22-month term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the

circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Harris's past failures to comply with the requirements of supervision, even if "technical," do not "obviate the need for further supervision," but rather suggest that additional supervision may be necessary to facilitate Harris's rehabilitation and protect the public. *See United States v. Hurt*, 345 F.3d 1033, 1035-36 (9th Cir. 2003).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

